UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 98-31164
Summary Calendar
_____

GREAT AMERICAN INSURANCE COMPANIES,

                                        Plaintiff - Appellant,

                    versus

            ROMERAL MV, Etc., et al,

                                                Defendants,

    ROMERAL MV, its engines, tackle, apparel, furniture, etc., in
     rem; COMPANIA SUD AMERICAN VAPORES SA, d/b/a Chilean Line,

                                        Defendants - Appellees.
_____

            Appeal from the United States District Court
              for the Eastern District of Louisiana
                        (95-CV-1626-I)
_____

                        July 19, 1999

Before WIENER, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

      For this dispute under the Carriage of Goods by Sea Act, 46

U.S.C. § 1300 *et seq.* (COGSA), involving an oversize tractor

damaged while being shipped from New Orleans to Chile, Great

American challenges the district court's bench trial finding that

a Port of New Orleans custom allows on-deck shipping of oversized

cargo secured to a flat rack container.

_____
      [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

                            - 1 -

The parties' stipulations resolved all issues save whether the shipping method was an unreasonable deviation from the contracted carriage and the legal cause of the tractor's damage. If so, defendants would be liable for the full damage, approximately $116,000; if not, COGSA's $500 limit would apply. In finding that the custom allowed such stowage, the district court (the parties consented to proceeding before the magistrate judge) credited the testimony of Captain Larrondo and Henry Flanagan over that of George Molina. Such a custom renders the stowage of the tractor not an unreasonable deviation from the carriage contract.

Of course, we review findings of fact for clear error; conclusions of law, de novo. *E.g.*, **Baldwin v. Stalder**, 137 F.3d 836, 839 (5th Cir. 1998). "Where the court's finding is based on its decision to credit the testimony of one witness over that of another, that finding, if not internally inconsistent, can virtually never be clear error." **Burma Navigation Corp. v. Reliant Seahorse MV**, 99 F.3d 652, 657 (5th Cir. 1996) (quotation omitted). We find no reversible error, for essentially the reasons stated by the district court. **Great American Insurance Companies v. The M/V Romeral**, No. 95-1626 (E.D. La. August 31, 1998).

**AFFIRMED**